[Cite as *State v. Rayburn*, 2019-Ohio-1028.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

    Plaintiff-Appellee

-vs-

JULIE RAYBURN

    Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. John W. Wise, J.
Hon. Earle E. Wise, Jr., J.

Case No. 18 CAC 07 0050

O P I N I O N


CHARACTER OF PROCEEDING:    Criminal Appeal from the Municipal Court, Case Nos. 17TRC17305, 17TRC19775 and 17CRB02455

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    March 22, 2019

APPEARANCES:

For Plaintiff-Appellee

MELISSA A. SCHIFFEL
DELAWARE CITY PROSECUTOR
70 North Union Street
Delaware, Ohio 43015

For Defendant-Appellant

DAVID BIRCH
286 South Liberty Street
Powell, Ohio 43065

*Wise, J.*

**{¶1}**    Defendant-appellant Julie Rayburn appeals the March 21, 2018, decision of the Delaware Municipal Court denying her Motion to Suppress.

**{¶2}**    Plaintiff-Appellee is the State of Ohio.

<u>STATEMENT OF THE CASE</u>

**{¶3}**    The relevant facts and procedural history are as follows:

**{¶4}**    On August 31, 2017, Trooper James P. King with the Ohio State Highway Patrol was working on a traffic stop in Delaware County, Ohio. (Supp. T. at 15-16). While clearing that traffic stop, he noticed a truck that was passing him. *Id.* While the truck passed him, Trooper King noticed an unusually loud noise coming from the exhaust of the truck. *Id.* He also noticed that the driver was not wearing her safety belt. *Id.* He was able to get inside his cruiser and catch up to the truck. *Id.* While traveling behind the truck he could also smell the odor of fumes coming from the truck's exhaust. Trooper King then initiated a traffic stop and found Appellant to be the driver of the vehicle. *Id.*

**{¶5}**    Upon contact with Appellant, the Trooper observed that her eyes were glassy and bloodshot, and he noticed a very strong odor of marijuana. (Supp. T. at 19-20). He also observed marijuana shake, or debris, on the front of her shirt. (Supp. T. at 20). He also noticed that her pupils were dilated. *Id.* Trooper King also observed, in plain sight, a wooden one-hitter pipe in the center console of her vehicle. *Id.*

**{¶6}**    Ultimately, Trooper King cited the Appellant with OVI (impaired), in violation of R.C. §4511.19(A)(1)(a), Emitting loud exhaust in violation of R.C. §4513.22, and Failure to Wear a Seatbelt in violation of R.C. §4513.263(B)(1). Appellant provided a urine sample after being advised of the consequences of refusing to provide a sample. (Supp.

T. at 31).   Appellant was also cited with possession of marijuana and possession of marijuana paraphernalia.

**{¶7}**   On September 8, 2017, Appellant entered a written not- guilty plea.

**{¶8}**   On October 16, 2017, Appellant filed a Motion to Suppress/Motion *in Limine* to Exclude Evidence Regarding Field Sobriety Tests.

**{¶9}**   On November 17, 2017, Appellant filed a second Motion to Suppress Evidence.

**{¶10}**  On February 7, 2018, the trial court held a hearing on Appellant's motion to suppress. On this date, Appellant narrowly tailored the issues to reasonable suspicion to effectuate a traffic stop, probable cause for arrest, and warrantless collection of a urine sample. The initial suppression hearing was bifurcated and part two of the hearing was held on April 30, 2018.

**{¶11}**  By judgment Entry filed March 21, 2018, the trial court denied Appellant's motion to suppress in all respects. The trial court reiterated its findings on the record on April 30, 2018.

**{¶12}**  On June 6, 2018, Appellant pled no contest to a violation of R.C. §4511.19(A)(1)(a). The trial court sentenced Appellant to 180 days in jail, with 177 suspended and a fine of $375 on the OVI charge, and one year of community control; a fine of $25 on the exhaust violation; and a mandatory $30 fine for failure to wear a seat belt. The trial court further ordered a $50 fine for the charge of possession of marijuana paraphernalia and a $50 fine for possession of marijuana.

**{¶13}**  Appellant now appeals, assigning the following errors for review.

## ASSIGNMENTS OF ERROR

**{¶14}** "I. THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE AS A RESULT OF AN ILLEGAL STOP.

**{¶15}** "II. THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE AS A RESULT OF A FAILURE TO SECURE A WARRANT FOR THE COLLECTION OF URINE."

**I.**

**{¶16}** Appellant's two assignments of error are related and will be considered together. In both assignments of error, Appellant argues that the trial court erred in denying her motion to suppress. We disagree.

**{¶17}** Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long,* 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks,* 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996). A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf,* 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams,* 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

**{¶18}** There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. *See, State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein,* 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *See, Williams, supra.* Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93, 96,620 N.E.2d 906 (8th Dist.1994).

**{¶19}** Appellant initially argues that her stop was illegal. Here, the trooper initiated the stop based on his observation of a violation of R.C. §4513.22, which provides:

> (A) Every motor vehicle and motorcycle with an internal combustion engine shall at all times be equipped with a muffler which is in good working order and in constant operation to prevent excessive or unusual noise, and no person shall use a muffler cutout, by-pass, or similar device upon a motor vehicle on a highway. Every motorcycle muffler shall be equipped with baffle plates.
>
> ***

**{¶20}** Here, Trooper King testified that he noticed the sound coming from Appellant's vehicle as he was walking back to his cruiser as he was finishing up from another traffic stop. (Supp. T. at 15-16). He stated that he heard an "unusually loud noise" coming from what he believed to be the exhaust from Appellant's truck. (Supp. T. at 16). He testified that as he was driving behind Appellant's vehicle, he noticed an unusual odor coming from the exhaust. (Supp. T. at 16). Trooper King also testified that when he asked Appellant to hit the accelerator in her truck, he heard the loud exhaust again. (Supp. T. at 43). The State also played the trooper's dash-cam video for the trial court wherein the court was able to hear the exhaust in the video. (Supp. T. at 18-19).

**{¶21}** The trial court found Trooper King to be a credible witness. The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. *State v. DeHass,* 10 Ohio St.2d 230 (1967).

**{¶22}** In *State v. Williams,* 2nd Dist. No. 21723, 2007–Ohio–4617, the Second District Court of Appeals found that "observation of a loud muffler provides sufficient reasonable suspicion of a violation of R.C. §4513.22 to justify the stop of a motor vehicle[.]" *Williams* at ¶ 9.

**{¶23}** Accordingly, we cannot find that Trooper King lacked reasonable articulable suspicion of criminal activity to initiate a traffic stop. Therefore, Appellant's first assignment of error is overruled.

**{¶24}** With regard to Appellant's second assignment of error, we note that she entered a plea of no contest to the driving under the influence charge of R.C. §4511.19(A)(1)(a) (impaired driving) not R.C. §4511.19(A)(1)(d), (per se). A conviction under R.C. 4511.19(A)(1)(a) focuses on the conduct of the defendant and observations

of the arresting officers, rather than the results of a chemical test or breathalyzer exam under R.C. § 4511.19(A)(1)(d).

{¶25} Appellant's no-contest plea to the (A)(1)(a) charge rendered moot any issues regarding suppression of the urine test, because the results of such test were not necessary or required to sustain the conviction on the impaired-driving charge.

{¶26} This Court has previously rejected arguments that have no effect upon a conviction pursuant to R.C. §4511.19(A)(1)(a).

{¶27} Based on the foregoing, we find both of Appellant's assignments of error not well-taken and overrule same.

{¶28} The decision of the Municipal Court of Delaware County, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Wise, Earle, J., concur.

JWW/d 0312